# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF | 6500 Cherrywood Lane |
| TIMOTHY J. SULLIVAN | Greenbelt, Maryland 20770 |
| UNITED STATES MAGISTRATE JUDGE | Telephone: (301) 344-3593 |

March 1, 2022

LETTER TO COUNSEL:

RE:     *Chico S. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
           Civil No. TJS-21-815

Dear Counsel:

On March 31, 2021, Plaintiff Chico S. petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 16. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

Chico S. protectively filed his applications for DIB and SSI on March 30, 2018. Tr. 12. He alleged a disability onset date of December 16, 2017. *Id.* His applications were denied initially and upon reconsideration. *Id.* Chico S. requested an administrative hearing, and hearings were held on March 11 and September 15, 2020, before an Administrative Law Judge ("ALJ"). Tr. 35-84. In a written decision dated November 30, 2020, the ALJ found that Chico S. was not disabled under the Social Security Act. Tr. 9-34. The Appeals Council denied Chico S.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Chico S.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found that Chico S. had not engaged in substantial gainful activity since December 16, 2017, the alleged onset date. Tr. 15. At step two, the ALJ found that Chico S. suffered from several severe impairments. *Id.* At step three, the ALJ found Chico S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 15-16. The ALJ determined that Chico S. retained the residual functional capacity ("RFC")

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On January 31, 2022, it was reassigned to me.

to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for 6 hours, and stand and walk for 4 hours, in an 8-hour workday. The claimant can sit, stand, or walk for up to 20 minutes each uninterrupted and then needs a momentary change in position that would not render the claimant off task for more than 10%. The claimant can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, stoop, crouch, kneel, crawl, and balance. The claimant can occasionally push and pull with the bilateral lower extremities. The claimant can have occasional exposure to extreme heat, extreme cold, humidity, and pulmonary irritants such as dust, gases, fumes, noxious odors, and poorly ventilated areas.

Tr. 16.

At step four, the ALJ determined that Chico S. was unable to perform past relevant work. Tr. 27-28. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Chico S. can perform, including information clerk, sorter, and hand packer. Tr. 28-29. Accordingly, the ALJ found that Chico S. was not disabled under the Social Security Act. Tr. 29-30.

Chico S. argues that this case must be remanded for further proceedings because (1) the ALJ did not provide a narrative discussion that explained how the evidence supported the ALJ's conclusions; (2) the ALJ did not properly evaluate his subjective complaints; and (3) the ALJ improperly relied on the VE's testimony. ECF No. 15-1 at 4-15. After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ did not build a logical bridge from the evidence to her conclusion. Accordingly, I will remand this case for further explanation.

Chico S. contends that remand is warranted because the ALJ failed to explain the evidence upon which she relied to support her RFC assessment. ECF No. 15-1 at 9-11. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").

The Court finds that the ALJ's failure to explain her determination that Chico S. "can sit, stand, or walk for up to 20 minutes each uninterrupted and then needs a momentary change in position that would not render [him] off task for more than 10%" (Tr. 16) frustrates meaningful review. "First, the ALJ's formulation does not appear to be a statement of the *most* [Chico S.] can

do, but rather a cap on off-task time related to the sit/stand option consistent with what employers typically tolerate." *Pollari v. Berryhill*, No. 18-C-178, 2019 WL 293238, at \*2 (E.D. Wis. Jan. 23, 2019) (citation omitted). "The ALJ made no finding that [Chico S.] actually had the ability to stay on task 90% of the time." *Id.* "Second, to the extent the ALJ impliedly made such a finding, [she] failed to explain the basis for [her] conclusion that [Chico S.'s] need to alternate positions (and/or [his] other limitations) could be accommodated within the 10% time-off task allowance." *Id.* Thus, "[t]he matter must be remanded for reconsideration of the sit/stand option and time off-task." *Id.* at \*3; *accord Peissig v. Saul*, No. 20-CV-198, 2021 WL 1116477, at \*3 (E.D. Wis. Mar. 24, 2021) ("The ALJ did not explain why the evidence supported a finding that [the claimant] would not be off task more than ten percent of the workday when transitioning to sitting or standing. On remand the ALJ must either ask the VE whether [the claimant's] sit/stand limitations could be accommodated with a 10% off task limitation or otherwise explain any finding he might make that [the claimant] would not be off task more than ten percent of the workday while transitioning to sitting or standing.").

Because the ALJ "failed to build an 'accurate and logical bridge' from the evidence [she] recounted to [her] conclusion about [Chico S.'s RFC]," the Court remands this case for the ALJ to do so. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). I decline to address Chico S.'s remaining arguments and express no opinion on the ultimate merits of his disability claim.

For the reasons set forth above, both parties' motions for summary judgment (ECF Nos. 15 & 16) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge

3